UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS KENNEDY, <br> Plaintiff, <br> v. <br> PATELCO CREDIT UNION, <br> Defendant. | Case No. 19-cv-02971-TSH <br><br> **ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)** |

## I.  INTRODUCTION

On May 29, 2019, Plaintiff Edward Thomas Kennedy filed a Complaint against Patelco Credit Union and an Application to Proceed In Forma Pauperis. Compl., ECF No. 1; Appl., ECF No. 3. For the reasons stated below, the Court grants the in forma pauperis application and finds the complaint fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e). Kennedy must file a first amended complaint that addresses the deficiencies identified in this screening order by July 8, 2019; otherwise, the Court will recommend dismissal of Kennedy's complaint without prejudice.

## II.  BACKGROUND

Kennedy, domiciled in Reading, Pennsylvania, brings this suit for negligence against Patelco, which has its principal place of business in Pleasanton, California. Compl. ¶¶ 1, 2. According to Kennedy, he electronically deposited his paychecks from his employer and "other deposits redeemed in lawful money pursuant to 12 U.S. Code. §411" from January of 1985 to December of 1993 into his checking and savings accounts at Patelco. *Id.* ¶ 4. He alleges that as "a result of the Negligence of the Defendant, Plaintiff was injured by the Defendant in loss of rights

and lawful money." *Id.* ¶ 5. The matter in controversy is $440,100.00. *Id.* ¶ 4.

## III. IN FORMA PAUPERIS APPLICATION

A district court may authorize the start of a civil action in forma pauperis if the court is satisfied the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1). Kennedy submitted the required documentation demonstrating an inability to pay the costs of this action, and it is evident from the application that Kennedy's assets and income are insufficient to enable payment of the fees. *See* Appl. Accordingly, the Court **GRANTS** Kennedy's Application to Proceed In Forma Pauperis.

## IV. SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(E)(2)

### A. Legal Standard

While the Court has granted Kennedy's in forma pauperis application, it must also review his complaint to determine whether the action may be allowed to proceed. The Court must dismiss the complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation omitted). Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Moreover, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. Analysis

#### 1. **Rule 8**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain statement of the claim showing the pleader is entitled to relief." Rule 8(d)(1)

requires that each allegation in a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). In addition, the complaint must include facts which are "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). For instance, in *Ashcroft v. Iqbal*, the Supreme Court rejected conclusory assertions that "petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on the account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" 556 U.S. 662, 680 (2009). The Court reasoned that such allegations were akin to the "formulaic recitation of the elements" dismissed in *Twombly*, and therefore, insufficient to meet Rule 8(a). *Id.* In doing so, the Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Accordingly, even claims which are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.*

Kennedy's complaint does not comply with Rule 8 because it does not set forth a short and plain statement of his claim showing he is entitled to relief. Specifically, the complaint fails to state a claim upon which relief can be granted because it does not adequately describe the negligence claim Kennedy seeks to bring against Patelco. Furthermore, it does not clearly connect this claim with facts giving rise to it. In order to comply with Rule 8's pleading requirement, Kennedy must amend the complaint to state as clearly as possible the facts giving rise to the complaint. He must also explain why Patelco is being sued by making specific factual allegations that connect Patelco with the alleged wrongdoing.

Accordingly, the Court finds dismissal appropriate because the complaint fails to state a claim upon which relief can be granted. However, given Kennedy's pro se status and because it is not clear that the deficiencies of the complaint could not be cured by amendment, the Court shall

3

grant him the opportunity to file an amended complaint. To comply with Rule 8's pleading requirement, Kennedy's amended complaint must allege all the facts upon which he bases this claim.

2.  **Statute of Limitations**

Although it is unclear what the basis of Kennedy's negligence claim is, it may be time-barred. The deposits occurred from 1985 to 1993, at least sixteen years ago. This may pose a problem for Kennedy unless the alleged misconduct occurred long after his last deposit to Patelco. Although a plaintiff generally has no duty to plead around an affirmative defense, when a valid affirmative defense is evident from the face of the complaint, it may be subject to dismissal. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ("When an affirmative defense is obvious on the face of a complaint . . . a defendant can raise that defense in a motion to dismiss."); *see also Clifton v. Houghton Mifflin Harcourt Publ'g Co.*, 152 F. Supp. 3d 1221, 1225 (N.D. Cal. 2015) (same).

Generally, a federal court sitting in diversity applies the applicable statute of limitations of the jurisdiction in which the court sits. *Guaranty Trust Co. v. York,* 326 U.S. 99, 109–10 (1945). Section 339(1) of the California Code of Civil Procedure provides a two-year limitations period for negligence actions, section 338(d) provides a three-year limitations period for actions based on fraud or mistake, and section 343, the "catch-all" statute, provides a four-year limitations period for actions not otherwise specifically provided for. Cal. Civ. Proc. Code §§ 339(1), 338(d), 343. It is unclear from the complaint which of these might apply but when filing his complaint Kennedy would be well served to make sure that his factual allegations are not time barred. Accordingly, if there are any recent events giving rise to Kennedy's claims, he should allege those in his amended complaint.

V. **CONCLUSION**

For the reasons above, the Court **GRANTS** Kennedy's Application to Proceed In Forma Pauperis and finds that the complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e). Kennedy must file an amended complaint addressing the deficiencies in this order by July 8, 2019. If he does not file a timely an amended complaint, the Court will recommend this action be

4

dismissed.

Kennedy may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco, by calling 415-782-8982, or by signing up for an appointment on the15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. There is also a Legal Help Center in Oakland, located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

Kennedy may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*. It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial. The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: June 6, 2019

THOMAS S. HIXSON
United States Magistrate Judge