UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS KENNEDY,<br><br>Plaintiff,<br><br>v.<br><br>PATELCO CREDIT UNION,<br><br>Defendant. | Case No. 19-cv-02971-TSH<br><br>**REQUEST FOR REASSIGNMENT WITH REPORT & RECOMMENDATION** |

## I.  INTRODUCTION

After Plaintiff Edward T. Kennedy filed a Complaint and an Application to Proceed In Forma Pauperis, the Court granted the application but found his complaint failed to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e) and therefore directed him to file an amended complaint. Having reviewed his amended complaint, the undersigned finds Kennedy cannot state a claim and this case should be dismissed without leave to amend. As not all parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Court requests this case be reassigned to a District Judge, with the recommendation that the Amended Complaint be **DISMISSED WITHOUT LEAVE TO AMEND**.

## II.  BACKGROUND

Kennedy filed his complaint on May 29, 2019, alleging he electronically deposited his paychecks from his employer and "other deposits redeemed in lawful money pursuant to 12 U.S. Code. §411" from January of 1985 to December of 1993 into his checking and savings accounts with Defendant Patelco Credit Union. Compl. ¶ 4, ECF No. 1. He alleged that as "a result of the Negligence of the Defendant, Plaintiff was injured by the Defendant in loss of rights and lawful money." *Id*. ¶ 5.

On June 6, 2019, the Court issued a screening order advising Alexander that dismissal would be appropriate because he failed to state a claim upon which relief can be granted. Order, ECF No. 5. Specifically, the Court noted that Kennedy's complaint did not comply with Federal Rule of Civil Procedure 8 because it did not set forth a short and plain statement of his claims showing entitlement to relief. *Id.* at 3. The Court found Kennedy did not adequately describe the negligence claim he sought to bring against Patelco and did not clearly connect this claim with facts giving rise to it. *Id.* Further, although the basis of Kennedy's negligence claim was unclear, the Court noted that it appeared to be time-barred as the deposits occurred from 1985 to 1993, at 26 years ago. *Id.* at 4. The Court ordered Kennedy to file an amended complaint that addressed these issues by July 8, 2019. *Id.*

After Kennedy failed to file an amended complaint by the deadline, the Court ordered him to show cause why the case should not be dismissed for failure to prosecute. ECF No. 6. Kennedy did not respond to the show cause order but instead filed an amended complaint and a request for reassignment to a district judge on July 26, 2019. ECF No. 7. In his amended complaint, Kennedy names Patelco, Pacific Bell Telephone Company, dba AT&T California, Samuel L. Ginn, Randall L. Stephenson, AT&T, and Paula M. Weber as defendants and brings six causes of action: (1) Negligence; (2) Breach of Contract; (3) Trespass on the Case; (4) Retaliation; (5) Vicarious Liability; and (6) Trover (Conversion).

As in his initial complaint, Kennedy's allegations are based on allegations that took place from 1985 to 1993. He again alleges that he electronically deposited his paychecks from his employer, Pacific Bell, from approximately June 1985 to December 1993 into his checking and savings accounts at Patelco that totaled $440,100.00. First Am. Compl. ¶ 12. He also alleges that, in order to recruit him to Pacific Bell in 1985, District Level Manager Cynthia Miller David promised him a career. *Id.* ¶ 15. Pacific Bell President Ted Sanger also promised him and other Pacific Bell employees "careers as a result of sales abuses of California rate paying customer concerning fraudulent and abusive sales tactics by Pacific Bell and [Samuel] Ginn relative to regulated, vertical services such as call waiting and caller ID and Krone training scandals." *Id.* ¶ 16.

At some point, Kennedy complained to Ginn, then-CEO of Pacific Telesis, that Air Touch, a non-regulated wireless company, was financed illegally with cash flows and profits from Pacific Bell. *Id.* ¶ 17. Ginn then "knowingly and intentionally committed financial crimes that also violated U.S. and California Public Policy."[1] *Id.* Kennedy complained to Ginn and in-house counsel, Richard Odgers, about illegal cross subsidies from Pacific Bell. *Id.* ¶ 18. Ginn apparently breached his contract for "promise of a career" when he constructively fired Kennedy by ordering him moved from a professional position in middle management to operations. *Id.* ¶ 19. This injured and damaged Kennedy in loss of rights and loss of financial benefits "valued at five million dollars." *Id.* ¶ 20-22. Kennedy alleges all defendants are vicariously liable because "[e]ach defendant is an agent of the other, and each has his place in the chain of exposing plaintiff Kennedy to the actors." *Id.* ¶ 39. He also alleges Ginn, Stephenson, Pacific Bell, and AT&T stole his intellectual property and trade secrets. *Id.* ¶ 41.

### III.  SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(E)(2)

**A.  Legal Standard**

While the Court has granted Kennedy's in forma pauperis application, it must also review his complaint to determine whether the action may be allowed to proceed. The Court must dismiss the complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation omitted). Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Moreover, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other

---

[1] Kennedy follows this up with a passing allegation regarding the British government and other foreign persons benefiting from the theft of intellectual property from Leader Technologies, Inc., but provides no explanation as to the relevance of Leader Technologies to the specifics of his case. *Id.*

facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**B.     Analysis**

As with his initial complaint, Kennedy's allegations all took place in 1993 or earlier, at least 26 years ago. Regardless of the type of claim he seeks to bring, they are all barred by the statute of limitations. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for negligence claims); *Gilkyson v. Disney Enters., Inc.*, 244 Cal. App. 4th 1336, 1341 (2016) (holding that the statute of limitations "[f]or breach of a written contract" is four years) (citing Cal. Civ. Proc. Code § 337)). When a valid affirmative defense is evident from the face of the complaint, it may be subject to dismissal. *Rivera v. Peri & Sons Farms, Inc*., 735 F.3d 892, 902 (9th Cir. 2013) ("When an affirmative defense is obvious on the face of a complaint . . . a defendant can raise that defense in a motion to dismiss."). As such, the undersigned finds dismissal appropriate. Further, the Court previously granted Kennedy leave to amend to address this deficiency, yet he failed to allege other facts showing how the statutes of limitation might not apply; thus, leave to amend would be futile. *Lopez*, 203 F.3d at 1130; *Noll*, 809 F.2d at 1448.

## IV.    CONCLUSION

As not all parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge, with the recommendation that the Complaint be **DISMISSED WITH PREJUDICE.**

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

**IT IS SO RECOMMENDED.**

Dated: September 4, 2019

THOMAS S. HIXSON
United States Magistrate Judge