UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS KENNEDY,<br><br>Plaintiff,<br><br>v.<br><br>PATELCO CREDIT UNION, et al.,<br><br>Defendants. | Case No. 19-cv-02971-JSW<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING AS MOOT MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING**<br><br>Re: Dkt. Nos. 10, 14 |

On September 4, 2019, Magistrate Judge Hixson issued a request for reassignment with a Report and Recommendation ("Report"). (Dkt. No. 10.) The facts underlying this action and the procedural history are set forth in the Report, and the Court shall not repeat them here. (Report at 1:14-3:12.) Judge Hixson recommended that the Court dismiss Plaintiff's amended complaint because the claims are premised on events that took place in 1993 or earlier and, thus, are barred by applicable statutes of limitations. (*Id.* at 4:6-15.) Judge Hixson also noted that, although Plaintiff had been given leave to amend to address that issue, Plaintiff failed to plead facts to show the relevant statutes of limitations would not bar his claims. (*Id.* at 4:15-17.) On September 6, 2019, the matter was reassigned to the undersigned judge.

On September 19, 2019, Plaintiff filed an objection to the Report, which asserts the Report is irrelevant, exceeds Judge Hixson's jurisdiction and "appears wrong in both law and facts, especially concerning limiting statues [*sic*]." (Dkt. No. 13 at 1.)

Plaintiff has included new allegations that suggest he was wrongfully terminated or retaliated against by some of the newly named Defendants. However, he still continues to complain of events that took place between 1985 and 1993. If Defendants terminated him or retaliated against him in recent years, he does not include facts to show that is the case. He neither

alleges facts that would bring his claims within the relevant statutes of limitations nor alleges facts to show those statutes should be tolled. Plaintiff also asserts common law claims. To the extent Plaintiff is attempting to assert federal employment discrimination or retaliation, he fails to demonstrate he exhausted administrative remedies that would be required to assert such claims. Because Plaintiff was advised that his claims appeared to fall outside the relevant statutes of limitations and because he failed to cure that deficiency, the Court OVERRULES Plaintiff's objections and ADOPTS the Report.

Accordingly, the Court DISMISSES this case WITH PREJUDICE. In light of this ruling, the Court DENIES AS MOOT, Plaintiff's motion for permission for electronic filing. The Court will enter a separate judgment, and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 4, 2019

_____
JEFFREY S. WHITE
United States District Judge